**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LILLIAN VIDAL,** | : | **CIVIL ACTION NO. 1:24-CV-349** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **BURLINGTON COAT FACTORY WAREHOUSE,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

No person is responsible for that which no man can control, including the unfeeling and indiscriminate acts of the weather. Here, plaintiff Lillian Vidal seeks to hold defendant Burlington Coat Factory Warehouse (hereinafter "Burlington") responsible for her accident on its premises. However, she offers no evidence showing Burlington knew or should have known about the potential hazard posed by a windblown sign prior to her accident. As no jury could find Burlington negligent for what the wind wrought, the court will grant Burlington's motion for summary judgment.

### I. Factual Background & Procedural History

Lillian Vidal visited Burlington's store in York, Pennsylvania on November 3, 2021. (Doc. 40 ¶ 1). As she entered the store, she saw a "We're Hiring" sign standing upright on the ground to the right-hand side of the door. (Id. ¶ ¶ 7-9). The sign was square and stood up in a triangle shape. (Doc. 40-4 at 46:17-24). As she exited the store thirty or forty minutes later, a gust of wind caused her to look away, and she

heard something "go clunk." (Docs. 40 ¶ 12; 40-4 at 50:6-7). Vidal continued to exit the store when she tripped on the edge of the now fallen sign. (Doc. 40. ¶¶ 12-13). She suffered injuries, including a torn rotator cuff and arm and hip injuries, because of the fall. (Doc. 40-1 ¶¶ 7, 16).

Vidal filed the instant lawsuit, alleging Burlington's negligence caused her injuries. (Doc. 1). Burlington then filed for summary judgment. (Doc. 40). The motion has been fully briefed (Docs. 40-42) and is ripe for disposition.

## II. Legal Standard[1]

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the outcome of the suit under the governing law" and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Mall

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the movant's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 40, 41). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

Chevrolet, Inc. v. General Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the moving party may produce material facts, established as genuinely undisputed, that entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second, under the Celotex approach, a moving party may instead demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The nonmoving party can defeat a motion for summary judgment by producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S. at 256. The nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

## III. Discussion

Vidal alleges Burlington negligently failed to secure or remedy a fallen sign on its premises, leading to her injury. To claim negligence under Pennsylvania law,[2] a plaintiff must show (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered actual loss or injury, and (4) there is a causal connection between the defendant's conduct and the plaintiff's injury. Nelken v. Whole Foods Mkt. Grp., Inc., No. 2:22-CV-00777-RJC, 2025 WL 592743, at *4 (W.D. Pa. Feb. 24, 2025) (quoting Larkin v. Super Fresh Food Markets, Inc., 291 Fed. App'x 483, 484 (3d Cir. 2008)). When a negligence claim is based on an injury suffered on another person's land, the defendant's liability depends on whether the plaintiff is classified as a licensee, trespasser, or business invitee. Donahue v. Wal-Mart Stores E., L.P., 810 F. Supp. 3d 607, 613 (W.D. Pa. 2025). Here, it is clear Vidal was a business invitee as she came to the store to shop. Id.

---

[2] This case arises under diversity jurisdiction. In such cases, the court applies the substantive law of the surrounding state or commonwealth, here Pennsylvania. See State Coll. Area Sch. Dist. v. Royal Bank of Canada, 825 F. Supp. 2d 573, 584 (M.D. Pa. 2011) (citing Hamilton v. Roth, 624 F.2d 1204, 1210 (3d Cir. 1980)).

A business breaches its duty to an invitee if it: (1) knows of a dangerous condition or would have known of such danger by the exercise of reasonable care; (2) invitees would not be expected to know of the danger or will reasonably be unable to protect themselves against it; and (3) the business fails to exercise reasonable care to protect invitees from danger. Nelken, No. 2:22-CV-00777-RJC, 2025 WL 592743, at *4 (citing Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120, 123 (1983)). The mere existence of a potential danger or the occurrence of an accident is not evidence of a breach. Donahue, 810 F. Supp. 3d at 614 (citing Rodriguez v. Kravco Simon Co., 111 A.3d 1191, 1193 (Pa. Super. 2015). A business only breaches its duty if it either created the danger or had actual or constructive notice of the dangerous condition. Id.; Crawford v. Grocery Outlet Bargain Mkt., 283 A.3d 384 at *6 (Pa. Super. 2022). If not, summary judgment is appropriate. Nelken, No. 2:22-CV-00777-RJC, 2025 WL 592743, at *4 (quoting Larkin, 291 Fed. App'x at 484-85).

A defendant has actual knowledge if someone warns it about the condition or if the hazard was one that the store owner knew recurred frequently. Donahue, 810 F. Supp. 3d at 614 (citing Myers v. Penn Traffic Co., 606 A.2d 926, 928 (1992), appeal denied, 533 Pa. 625, 620 A.2d 491 (1993)). Whether a business had constructive notice of a danger depends on the factual circumstances of the case, but the court may consider a number of factors including: (1) the length of time the hazard was in place; (2) the number of people using the premises; (3) the frequency of use of the premises; (4) the nature of the defect; (5) the location of the hazard; (6) the probable cause of the defect; and (7) the reasonable opportunity for the defendant to remedy it. Id. at

616 (citing Hagan v. Caldor Dep't Stores, Inc., 1991 WL 8429, at *4 (E.D. Pa. Jan. 28, 1991)); Nelken, No. 2:22-CV-00777-RJC, 2025 WL 592743, at *4–5. When the hazard is transient, such as a spill or fallen merchandise, the business does not have constructive notice as the danger could have occurred only an instant before the plaintiff's accident and the defendant could not reasonably have remedied it. See Crawford, 283 A.3d 384 at *9; Choi v. Costco Wholesale Corp., No. 22-3329, 2024 WL 658972, at *3-*4 (3d Cir. Feb. 16, 2024).

Vidal does not provide any evidence Burlington created the windblown hazard or knew of the danger before the accident occurred, so Burlington did not have actual notice. (See generally Doc. 40). She also does not provide sufficient evidence of timing to show constructive notice. There is no evidence regarding when the sign fell beyond it happening within the 30-40 minutes Vidal was in the store. (See generally Doc. 40-4 at 48:14-49:3, 50:3-7). Instead, Vidal asks the court to speculate that the fallen sign existed for a significant period before her accident, but "[a]n inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgement." Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir. 1990).

A blown over sign is the kind of transitory danger where constructive notice is typically unavailing. Indeed, the evidence in this case supports the inference that the sign may have blown over shortly before the accident. Vidal testified that it was "a little breezy, but not that breezy" that day and the weather "just got windy all of a sudden" immediately before her fall. (Doc. 40-4 at 49:4-9, 50:24-51:2). Burlington is

not expected to secure all objects or anticipate windblown hazards on a "not that breezy" day. Vidal also "heard something go clunk" immediately prior to her fall. (Id. at 51:6-7). Her account of the accident does not provide sufficient evidence that the hazard existed for enough time for Burlington to have constructive notice. Therefore, a reasonable jury could not find Burlington breached its duty, and summary judgment is appropriate.

## IV. Conclusion

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp., 477 U.S. at 323–24. To do otherwise would force the defendant to endure a lengthy and expensive trial when there is no chance of remedy for the plaintiff. This case presents the sort of factual circumstances to which summary judgment is appropriate. Vidal produced no evidence to show Burlington knew or should have known about the potential hazard, and therefore it was not negligent. Burlington's motion (Doc. 40) is granted. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: November 6, 2026